PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID E. CLARK, | ) |
| | ) CASE NO. 4:16CV2430 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| GOVERNOR JOHN KASICH, *et al.*, | ) |
| | ) **ORDER** |
| Defendants. | ) [Resolving ECF Nos. 10 and 11] |

Pending before the Court are *Pro Se* Plaintiff David E. Clark's Motion for Relief from Judgment, Reconsideration, and Leave to Amend (ECF No. 10) and Motion to Proceed to Judgment (ECF No. 11).

**I.**

Plaintiff filed this action under 42 U.S.C. § 1983 against Ohio Gov. John Kasich, Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, Ohio Attorney General Mike DeWine, John Doe Toledo Correctional Institution ("ToCI") Administrators, Grafton Correctional Institution ("GCI") Case Manager Vandersommen, GCI Warden Bennie Kelly, GCI Unit Manager Weishar, GCI Warden's Assistant Armbruster, and GCI Capt. Coleman. In the Complaint (ECF No. 1), Plaintiff alleged his security classification was improperly raised after his arrival at GCI in September 2014. ECF No. 1 at PageID #: 3, ¶ 17. He contended this action was orchestrated by ToCI administrators to harass and retaliate against him. ECF No. 1 at PageID #: 5, ¶¶ 41-43. In January 2017, the Court received and filed a

(4:16CV2430)

Supplemental Complaint (ECF No. 5) naming new party defendants based on entirely unrelated events. Plaintiff sought to add as defendants Trumbull Correctional Institution ("TCI") Corrections Officers Ostling and Mandato, Inmate Roby, and Unit Manager Lowery, claiming they conspired to have him moved from the "wellness unit" of TCI on a contraband charge. ECF No. 5 at PageID #: 12, ¶ 4. He claimed that this conspiracy began at ToCI before he arrived at TCI in October 2013. Additionally, Plaintiff included claims in the Supplemental Complaint (ECF No. 5) against TCI Deputy Warden of Special Services Davis, Maj. Harris, Lt. Devieste, Investigator Booth, TCI Warden Charmaine Bracy, Sgt. Green, Dr. Coe, Corrections Officers Emeric and Lukas, Lt. Squibbs, and Deputy Warden Bower. He complained of events that occurred in 2016 when he ordered an airbrush but was not permitted to keep it. ECF No. 5 at PageID #: 13-14, ¶¶ 6, 10-13.

The Court dismissed the case pursuant to 28 U.S.C. § 1915(e) on February 28, 2017. *See* Memorandum of Opinion and Order (ECF No. 8) and Judgment Entry (ECF No. 9). Specifically, the Court determined Plaintiff had not included any allegations in his pleadings against the Ohio Governor, the ODRC Director, the TCI Investigator, the TCI Physician, and the TCI Deputy Warden to hold them liable in their individual capacities. ECF No. 8 at PageID #: 28. They were also found to be immune from damages under the Eleventh Amendment in their official capacities. ECF No. 8 at PageID #: 28. Similarly, Plaintiff did not specify a legal cause of action against Case Manager Vandersommen, Warden Kelly, Unit Manager Weishar, Warden's Assistant Armbruster, Capt. Coleman, Lt. Devieste and Warden Bracy and the facts he alleged in the Complaint (ECF No. 1) and Supplemental Complaint (ECF No. 5) did not readily suggest

2

(4:16CV2430)

one he may be attempting to assert. ECF No. 8 at PageID #: 28-29. In addition, the Court concluded Plaintiff's three conspiracy claims were stated as legal conclusions without supporting facts. ECF No. 8 at PageID #: 29. He alleged in very general terms that ToCI administrators were contacting other prisons and conspiring against him to retaliate for complaints and grievances he filed at ToCI prior to 2013. ECF No. 1 at PageID #: 5, ¶¶ 41-43. He did not, however, allege facts to suggest what happened at ToCI, or to connect any of the actions of the TCI or GCI Defendants to those grievances. Plaintiff also alleged that a TCI inmate and staff conspired to have him moved out of the "wellness unit," ECF No. 5 at PageID #: 12, ¶ 4, and TCI officers conspired to keep him off of suicide watch, ECF No. 5 at PageID #: 15, ¶ 18. With respect to the last two alleged conspiracies, the Court found Plaintiff failed to suggest which constitutional right Defendants were conspiring to violate. ECF No. 8 at PageID #: 30. Moreover, Plaintiff was placed on suicide watch for four days. ECF No. 5 at PageID #: 15, ¶ 19. The Court determined Plaintiff failed to state a due process claim for deprivation of property because a remedy was available in the Ohio Court of Claims and Plaintiff did not demonstrate that remedy was inadequate. ECF No. 8 at PageID #: 32. Finally, the Court determined Plaintiff had not alleged any facts about his disciplinary hearing to indicate he was denied due process. ECF No. 8 at PageID #: 33. He cannot challenge the result of the disciplinary hearing, only the process he received.

      Plaintiff did not file a direct appeal to the United States Court of Appeals for the Sixth Circuit.

(4:16CV2430)

## II.

On March 24, 2017,[1] Plaintiff filed the instant motion asking the Court for relief from judgment, reconsideration, and leave to amend. The Court construes the motion as requests to alter or amend the dismissal order pursuant to Fed. R. Civ. P. 59(e). *See, e.g.*, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002) (construing post-judgment motion seeking leave to file amended complaint as a Rule 59(e) motion); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (construing motion for reconsideration as a Rule 59(e) motion); *McLaughlin v. Wilson*, No. 15-cv-11607, 2015 WL 3756014 (E.D. Mich. June 16, 2015) (denying motion to amend the judgment or, in the alternative, for reconsideration and motion for leave to file amended complaint).

Plaintiff contends the Court's summary of his Complaint (ECF No. 1) and Supplemental Complaint (ECF No. 5), while not incorrect, did not fully convey the seriousness of his allegations. ECF No. 10-1 at PageID #: 37. He indicates that the Court restated his assertion that his security classification had been lowered, but the Court neglected to add that this was approved by the ODRC. ECF No. 10-1 at PageID #: 37. The Court also stated his security classification was raised six days later, but did not add that he had done nothing within that six

---

[1] In accordance with the prison mailbox rule, the Court will treat Plaintiff's motion as if filed on March 24, 2017, the date that the Certificate of Service was signed and dated. *See* ECF No. 10-1 at PageID #: 47. The Sixth Circuit has applied the prison mailbox rule in the context of *pro se* prisoner cases. *See* *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988))) (Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

4

(4:16CV2430)

day period to deserve the increase. ECF No. 10-1 at PageID #: 37-38. He disputes the Court's statement that he attempted to prove his security classification but the officers would not listen. Instead, he corrects that the officers allowed him to demonstrate from a JPay kiosk computer that his security level was lowered, but the Captain did not care. ECF No. 10-1 at PageID #: 38. The Court characterized the security review as "not favorable" to Plaintiff. ECF No. 8 at PageID #: 24. Plaintiff refers to it as a sham, indicative of collusion by various officials, and demonstrating a due process violation. ECF No. 10-1 at PageID #: 38. He reiterates his assertion that he complained and filed grievances at ToCI and officials at other prisons have been retaliating against him since he left that prison. ECF No. 10-1 at PageID #: 39. He argues he did state a claim upon which relief may be granted, and is entitled to relief from the Court's judgment.

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks and citation omitted). The Sixth Circuit has repeatedly held that Rule 59(e) does not present a second opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) or to "raise arguments which could, and should, have been made before judgment issued." *Id.*

Plaintiff seeks relief on the basis of manifest injustice. *See* ECF No. 10-1 at PageID #: 37.

> Although the "manifest injustice" ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis

5

(4:16CV2430)

> that falls squarely within the discretionary authority of the Court. In exercising this discretion, the Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings.

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 809 (N.D. Ohio 2010) (O'Malley, J.) (citations omitted). The manifest injustice standard is a high hurdle to clear. *Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010). A movant seeking Rule 59(e) relief must be able to show "an error in the trial court that is direct, obvious, and observable. . . ." *Cummings, Inc. v. BP Products North America, Inc.*, Nos. 3:06-0890, 3:07-0834, 2009 WL 3169463, at *2 (M.D. Tenn. Sept. 30, 2009) (citation omitted). "[R]elief under Rule 59(e) is an 'extraordinary remedy' restricted to those circumstances in which the moving party has set forth facts or law of a 'strongly convincing nature' that indicate that the Court's prior ruling should be reversed." *Id.* Essentially, "a showing of manifest injustice requires that there exist a fundamental flaw in the Court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (citation omitted).

Under the above analysis, the dismissal of Plaintiff's § 1983 action did not subject him to manifest injustice. While the outcome is adverse to Plaintiff, it was not based either legally or factually on a "fundamental flaw . . . that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.* As importantly, even considering the additional information Plaintiff provides in the instant motion, the Court's legal analysis and conclusion would be the same. He has not demonstrated a basis for relief from judgment under Rule 59(e).

(4:16CV2430)

## III. Conclusion

Accordingly, Plaintiff's Motion for Relief from Judgment (ECF No. 10) is denied. Plaintiff's Motion to Proceed to Judgment (ECF No. 11) is denied as moot.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

| | |
|---|---|
| February 2, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |